United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 5, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40149
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN GOMEZ-MORALES, also known as Elias Ramirez-Morales,
also known as Juan Gonzalez-Morales,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-441-ALL
--------------------

Before REAVLEY, JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Juan Gomez-Morales appeals his 77-month sentence for being

an alien unlawfully found in the United States after deportation,

in violation of 8 U.S.C. § 1326(a) and (b).  Gomez-Morales argues

that his sentence must be vacated and his case remanded for

resentencing because the district court committed reversible

error by sentencing him pursuant to a mandatory Sentencing

Guidelines regime in light of United States v. Booker, 543 U.S.

220 (2005).  He preserved this contention in the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's sentence pursuant to a mandatory Guidelines scheme constitutes <u>Fanfan</u> error.  <u>See</u> <u>United States v. Walters</u>, 418 F.3d 461, 463-64 (5th Cir. 2005).  The Government thus bears the burden of proving beyond a reasonable doubt that the district court would have imposed the same sentence had the Guidelines been advisory only.  <u>See</u> <u>id.</u> at 464.  If the Government cannot show that the error was harmless, we ordinarily will vacate and remand for resentencing.  <u>Id.</u> at 463.

The sentencing transcript is silent with regard to whether the district court would have imposed the same sentence had the Guidelines been advisory and the Government so concedes.  The Government cannot meet its burden.  <u>See</u> <u>id.</u> at 464-66.  Because the <u>Fanfan</u> error requires remand for resentencing, we need not address Gomez-Morales's remaining challenge to his sentence.  <u>See</u> <u>United States v. Akpan</u>, 407 F.3d 360, 377 n.62 (5th Cir. 2005).  Accordingly, we vacate Gomez-Morales's sentence and remand the case for resentencing.

Gomez-Morales also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  Gomez-Morales's constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998).  Although Gomez-Morales contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of

the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Gomez-Morales properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.  Accordingly, Gomez-Morales's conviction is affirmed.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.